**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEVEN JACOBS,** | : | **CIVIL ACTION** |
| *a/k/a Dorian Jacobs* | : | |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 22-CV-1956** |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                    SEPTEMBER 13, 2022

**M E M O R A N D U M**

Plaintiff Steven Jacobs, also known as Dorian Clark, a prisoner currently incarcerated at the Philadelphia Industrial Correctional Center ("PICC"), brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights during his incarceration. Currently, before the Court are Jacobs's complaint (ECF No. 1), *motion to proceed in forma pauperis* (ECF No. 4), and Prisoner Trust Fund Account Statement (ECF No. 5). For the following reasons, the Court will grant Jacobs leave to proceed *in forma pauperis* and dismiss his complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Jacobs is granted to leave to file an amended complaint.

**I.      FACTUAL ALLEGATIONS**[1]

Jacobs's complaint in this action is brief, and the sole Defendant he named is the City of Philadelphia. (Compl. at 2.)[2] Jacobs avers that he is a pretrial detainee who is being "held in prison ex[]posed to Covid 19 outside of the ordinary mode of equal justice[.]" (*Id.* at 4.) Jacobs

---

[1]      The factual allegations set forth in this Memorandum are taken from Jacobs's complaint and the exhibits attached thereto.

[2]      The Court adopts the pagination supplied to the complaint and the attached exhibits by the CM/ECF docketing system.

claims that on he was "kidnapped" on or about October 3, 2020, and that he is being held "hostage, with a ransom bail of $500,000[.]"[3]  (*Id.* at 5.)  Jacobs further avers that he has been exposed to disease "everywhere on State Road"[4] since that time, and this this is "not ordinary[.]"  (*Id.* at 4-5.) Based on these allegations, Jacobs seeks $10,000,000,000 in damages.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Jacobs leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.   Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss a complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*,

---

[3]      Public dockets reflect that Jacobs was charged in a criminal proceeding in the Court of Common Pleas of Philadelphia County in 2021 arising from events that occurred on October 3, 2020.  *See Commonwealth v. Jacobs*, CP-51-CR-0001880-2021 (C.P. Philadelphia).  Jacobs was arrested on that date and subsequently charged with several counts, including, criminal attempt – murder, aggravated assault, possession of an instrument of a crime with intent, simple assault, and recklessly endangering another person.  *Id.*

[4]      Jacobs was previously incarcerated at Riverside Correctional Facility located at 8151 State Road, Philadelphia, Pennsylvania, 19136.  *See Clark v. All the Judges of the Criminal Justice Ctr.*, No. 21-5690, 2022 WL 1567321, at *1 n.1 (E.D. Pa. May 18, 2022).

2

792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Jacobs is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'"  *Id.* (quoting *Mala*, 704 F.3d at 244).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant, however, "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'"  *Id.*

## III.   DISCUSSION

Liberally construed, Jacobs's complaint appears to allege a claim pursuant to 42 U.S.C. § 1983 against the City of Philadelphia arising from Jacobs's exposure to COVID-19 during his incarceration.  Section 1983 is the vehicle by which federal constitutional claims may be asserted in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Unlike a § 1983 claim brought against an individual defendant, such as a prison official, a § 1983 claim against the City of Philadelphia seeks to impose liability on the municipality itself.

To state a claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy and specify what exactly that

custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Allegations that simply paraphrase the standard for municipal liability are too vague and generalized to support a claim against the City. *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

The Court understands Jacobs's complaint to assert a Fourteenth Amendment claim that he was subjected to unconstitutional punishment in that the City of Philadelphia was deliberately indifferent to his health or serious medical needs because he was exposed to COVID-19 during his incarceration.[5] In its decision in *Hope v. Warden York County Prison*, 972 F.3d 310, 325-31 (3d Cir. 2020), the United States Court of Appeals for the Third Circuit (the "Third Circuit") affirmed that "[t]o establish deliberate indifference [in the COVID-19 context, the prisoner plaintiffs] must show the Government knew of and disregarded an excessive risk to their health and safety." *Id.* at 329 (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000)). The Third Circuit further held that "[t]he context of the Government's conduct is essential to determine whether it shows the requisite deliberate indifference," and that, in evaluating this context, a reviewing court must defer to the expertise of both medical officials and jail administrators, and not assume a constitutional defect where concrete action has been taken in response to the COVID-19 pandemic, as constitutional rules "are not subject to mechanical application in unfamiliar territory." *Id.* at 329-30 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)). Thus, where the facility

---

[5]     As it appears that Jacobs was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of this analysis. *See Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019); *Parkell v. Morgan*, 682 F. App'x 155, 159-60 (3d Cir. 2017) (*per curiam*).

has taken concrete steps towards mitigating the medical effects of COVID-19 on a detention facility, a prisoner will fall "well short" of establishing that the facility and its staff were deliberately indifferent toward his medical needs in light of the virus even though they cannot entirely "eliminate all risk" of contracting COVID, notwithstanding even serious preexisting medical conditions the prisoner may have.  *Id.* at 330-31.

Here, Jacobs's complaint fails to allege a constitutional violation for which the City of Philadelphia is responsible.  He alleges that he was exposed to COVID-19 while incarcerated but does not allege any facts from which it could be inferred that the conditions in which he was confined were constitutionally deficient, let alone that such conditions were caused by a policy or custom of the City of Philadelphia.  Jacobs's COVID-19 exposure alone is an insufficient basis upon which to establish a constitutional violation.  *See Darby v. Ellis*, No. 20-12944, 2021 WL 409780, at *4 (D.N.J. Feb. 5, 2021) ("Plaintiff does not state a claim for relief merely because he may have been exposed to COVID-19" while incarcerated in a county correctional facility) (citing *Hope*, 972 F.3d at 329-30) (rejecting prisoners' argument "that the Government must eliminate entirely their risk of contracting COVID-19" in a correctional setting, and recognizing "[t]hat task is not the constitutional standard[.]"); *see also Robinson v. Responding Nurse*, 21-4398-JMY, 2022 WL 93678, at *6 (E.D. Pa. Jan. 7, 2022) (recognizing that "an increased risk of contracting COVID-19 alone is an insufficient basis upon which to establish a constitutional violation"); *Adames v. Pistro*, No. 21-2855, 2021 WL 2903064, at *2 (E.D. Pa. July 9, 2021) (dismissing a Bivens claim for deliberate indifference based solely on exposure to COVID-19 in prison at screening stage).

Further, Jacobs has not alleged any facts about any serious medical needs or vulnerabilities he may have, nor has he alleged adequately that the City of Philadelphia had a policy or custom

5

regarding COVID-19 protocols that amounted to deliberate indifference to his health, safety, or serious medical needs.  For these reasons, Jacobs' claims are dismissed, without prejudice, for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  However, at this time, the Court cannot conclude that Jacobs can never state a plausible claim against the City of Philadelphia or an appropriate prison official.  Thus, Jacobs is granted leave to file an amended complaint with respect solely to this claim.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.").

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Jacobs leave to proceed *in forma pauperis* and dismiss his complaint in its entirety pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).  However, Jacobs will be given leave to file an amended complaint in the event he can cure the defects outlined above and state a plausible claim.  An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.